COURT OF APPEALS OF VIRGINIA


Present:  Judges Willis, Annunziata and Bumgardner


MARIA DIAZ

                                    MEMORANDUM OPINION[*] BY
v.   Record No. 0654-97-4      JUDGE RUDOLPH BUMGARDNER, III
                                       SEPTEMBER 22, 1998
ALICIA CUMMINGS MORRISSEY
 AND DAN JOSEPH MORRISSEY


                       UPON A REHEARING

          FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                   Stanley P. Klein, Judge

          (Gregory A. Castanias; Carolyn Smith Motes;
          Jones, Day, Reavis & Pogue; Carolyn Smith
          Motes, P.C., on brief), for appellant.

          (Christopher P. Spera; Carolyn D. Flury;
          Sheldon L. Pine; Hyacinth Grey Kucik, on
          brief), for appellees.


     Maria Diaz filed a petition for custody of her daughter,

Estella Diaz, in the Juvenile and Domestic Relations District

Court of Fairfax County.  After a seven-day trial, the case was

appealed to the circuit court where the trial de novo took six

days.  The circuit court granted custody to the Morrisseys by

final order entered February 14, 1997.  The appellant filed her

notice of appeal and received two extensions of the deadline by

which to file the trial transcript.  Two volumes of the

transcript which covered the testimony on December 9 and 12, 1996

were not filed by the deadline.  This Court ruled September 26,

1997 that the transcripts were not timely filed.  By order

     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

entered that day, the Court directed the panel hearing the case to decide whether those transcripts were necessary for a complete review. We must dismiss the appeal because the transcripts are indispensable to the review of the issues raised on appeal.

Maria Diaz gave birth to her daughter April 19, 1995. Shortly after that she contacted Mary Quigg about placing the child for adoption. Quigg contacted the Morrisseys, who lived in North Carolina, about the possibility of adopting the child. The parties met June 2, 1995. Diaz gave the baby to Quigg who kept the child until June 5, 1995. Quigg and Diaz met with an attorney to discuss adoption, and Diaz signed a consent to adoption form on June 7, 1995. She gave her child to the Morrisseys that day. They took her to North Carolina and began adoption proceedings there. On September 21, 1995, Diaz filed the initial custody petition in this case.

The appellant raises two issues on appeal: (1) did the trial court err by holding North Carolina law controlled the determination of the validity of the consent to adoption form executed by the appellant; and (2) if the consent form is invalid, did the trial court err by awarding custody to the Morrisseys. She argues that because the consent was executed in Virginia, its validity depends upon compliance with Virginia requirements, and that in the absence of a valid consent to adoption form, the trial court erred in awarding custody to the Morrisseys. We do not reach the first issue. The proceeding

before the trial court was not for adoption, but for custody. The issue of custody is a fact issue resting on the sufficiency of the evidence for which the transcripts are necessary. The consent to adoption form may have been sufficient evidence of voluntary custody placement even if it was not sufficient to authorize an adoption. Thus, irrespective of the validity of the consent to adoption form, we ultimately must address the issue of custody. We cannot address this issue because the record is inadequate.

The issue before the trial court was whether the natural mother voluntarily relinquished custody of her child to the Morrisseys. The facts and circumstances surrounding her act of physically delivering custody to the Morrisseys were essential in deciding if she voluntarily relinquished custody. The testimony that is missing from the record includes that of the Morrisseys and Mary Quigg. It also included the testimony of Carlota Garcia, who worked at the hospital where Diaz delivered. These witnesses testified about statements of intention to place the child for adoption made by Diaz. Their testimony included their observations of her mental condition and comprehension of what was happening. The trial judge made a very detailed and considered ruling in which he stated, "[I]n this case, perhaps more than many, if not most of the cases that I've presided over, the credibility of the witnesses involved was absolutely crucial."

The essential issue in this appeal is whether there is sufficient evidence to support the trial court's finding that custody was voluntarily relinquished and that it was in the best interests of the child that custody remain with the Morrisseys. The issue cannot be reviewed without the transcripts that contain the essential and indispensable evidence upon which the decision rested.  The appeal must be dismissed.

<u>Dismissed.</u>